**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBORAH GRAY, as Next Friend of ) <br> REBECAH BANUELOS, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ACADIA HEALTHCARE COMPANY, INC., ) <br> ROLLING HILLS HOSPITAL, LLC, ) <br> ) <br>         Defendants. ) | Case No. 19-CV-338-JFH |

**O R D E R**

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery (Docket Entry #93). This Motion was referred to the undersigned for disposition by United States District Judge John F. Heil, III, by Minute Order entered July 9, 2020.

Plaintiff Deborah Gray commenced this action on March 20, 2019, in the First Judicial District Court of Rio Arriba County, New Mexico, on behalf of her daughter Rebecah Banuelos. On May 2, 2019, Defendants Acadia Health Care Company, Inc. ("Acadia"), and Rolling Hills Hospital, LLC ("Rolling Hills") jointly removed the action to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1332. Defendant Rolling Hills filed a Motion to Dismiss or, in the Alternative Motion to Transfer Venue on May 9, 2019. The Alternative Motion was granted on October 1, 2019, and the case was transferred to the United States District Court for the Eastern District of Oklahoma on October 7, 2019.

Pertinent to the Motion, Plaintiff filed a Second Amended Complaint on March 18, 2020, wherein she alleged Ms. Banuelos was in the custody of the New Mexico Children Youth and Families Department ("CYFD") when placed in residential treatment at Rolling Hills in Ada, Oklahoma in December of 2018. She contends that Rolling Hills is a facility owned by Defendant Acadia. While receiving treatment at Rolling Hills, Ms. Banuelos allegedly was sexually assaulted on January 12, 2019, by an unknown staff member and/or resident while in a "tv room" at the facility. *See* Second Amended Complaint, p. 10, ¶ 68 (Docket Entry #67). Plaintiff also alleges Ms. Banuelos was raped by a Rolling Hills' employee in the facility's laundry room sometime between December 13, 2018, and January 30, 2019.[1] Ms. Banuelos was a minor at the time of the alleged incidents. *Id*., p. 10, ¶¶ 69-70.

Based upon these and other allegations in the Second Amended Complaint, Plaintiff asserts claims against Defendants Acadia and Rolling Hills for negligence; negligent hiring, retention, and supervision; civil conspiracy; negligence per se; professional liability; breach of fiduciary duty; breach of contract (third-party beneficiary); breach of covenant of good faith and fair

---

[1] Based upon the parties' briefing, it appears there is a dispute regarding the number of incidents involving Ms. Banuelos that occurred during the time period when she was a resident at Rolling Hills. However, for purposes of Plaintiff's Motion and Rolling Hills' objections to the document requests at issue, the dispute does not affect this Court's decision.

dealing (third-party beneficiary); and a claim under the Unfair Practices Act. *See* Second Amended Complaint, pp. 15-67.

On March 8, 2019, Plaintiff served her First Set of Interrogatories and Request for Production of Documents on Rolling Hills. Rolling Hills responded to Plaintiffs' discovery requests on April 27, 2020. Through the Motion to Compel, Plaintiff seeks the production of documents from Rolling Hills and/or additional documents in response to Request for Production Nos. 9 and 24.

**Personnel Records – Request for Production No. 9**

Plaintiff seeks production of the personnel files of Rolling Hills' employees who had contact with Ms. Banuelos during her stay at the facility. Defendant Rolling Hills objects to the request as overly broad, irrelevant to the claims and defenses in the case, and not proportional to the needs of the case. *See generally*, Fed. R. Civ. P. 26(b)(1).

> Request for Production No. 9: Please attach documentation of any and all personnel files for any personnel/staff/employees/agents who had contact with R.B., the Director of R.B.'s unit/house, R.B.'s treatment coordinator/case manager, and any members of R.B.'s treatment team, including:
>
> - training file documenting Rolling Hills' training and development file for all staff;
> - all orientation and training, including dates, hours, and/or credits, names of trainer(s), topics/areas of training, and sign-in sheets, if any;
> - written confirmation by trainer or training organization that training occurred;

3

- employee's name, current address, telephone number, and emergency contact(s), job title and description;
- evidence of licensure for those employees required to be licensed;
- date first employed and dates of transfers or changes in position;
- documentation of minimum of 3 employment reference checks within 3 weeks prior to employment (or if fewer than 3 references, the additional and/or professional references obtained to achieve the minimum of 3 references);
- a copy of the employee's current CPR and first aid certificates;
- criminal records clearance letter, and/or for un-cleared staff, signed statement by administrator, director, or operator attesting to direct supervision of the un-cleared employee by a cleared employee until the clearance is received;
- application for employment or resume consistent with agency policy;
- performance reviews, as applicable;
- job description(s).

Response:  Defendant objects to the Request as overly broad. The Request seeks the entire personnel file for *any* staff member who had *any* contact with Rebecah Banuelos. Thus, the Request seeks information and documents that are not relevant to any party's claim or defense and are not proportional to the needs of the case.

Defendant further objects as the personnel files contain irrelevant personal information. Personnel files often contain sensitive personal information, and it is not unreasonable to be cautions about ordering their entire contents disclosed willy-nilly. *Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008). Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression….'" *Reagan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) citing to *Herbert v. Lando*, 441 U.S. 153, 177, 99

4

    S.Ct. 1635, 60 L.Ed.2d 115 (1979) (quoting Fed.R.Civ.P. 26(c)(1); see also *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (no abuse of discretion where "privacy interests, coupled with [the district court's] determination to keep the trial focused…, justified limiting [plaintiff's discovery of] personnel files").

Prior to filing her Motion, Plaintiff and Rolling Hills conferred and attempted to resolve their issues concerning Request for Production No. 9. Rolling Hills produced the personnel file of the employee accused of raping Ms. Banuelos in the laundry room of the facility. Plaintiff then agreed to narrow the request to include only the personnel files of employees who provided care or treatment to Ms. Banuelos and to certain documents pertaining to those identified employees' qualifications/training, background investigations, and write-ups or disciplinary actions for the performance of job duties and training. Because the parties could not reach an agreement, no additional personnel files were produced by Rolling Hills.

Plaintiff contends the additional personnel files are relevant to the claims at issue, arguing the requested employee files are relevant to Rolling Hills' hiring practices and disciplinary measures as they relate to those employee's providing care and treatment to Ms. Banuelos leading up to and at the time of the alleged sexual assaults against her. Plaintiff does not seek the personal information of Rolling Hills' employees and expects Rolling Hills will redact such information prior to any

5

production and will produce the personnel files pursuant to the Agreed Protective Order (Docket Entry #81) entered in the case. Rolling Hills continues to assert the request is overly broad (as it will result in the production of personnel files for well over fifty (50) employees), seeks information irrelevant to Plaintiff's claims (as there was only one incident and Rolling Hills has produced the pertinent personnel file for the individual employee involved), and the request is not proportional to the needs of the case.

In Count II of the Second Amended Complaint, Plaintiff alleges negligence by all Defendants. Although Plaintiff generally alleges negligence on the theory of an overall "systemic" practice by Defendants of negligent hiring, supervising, and retaining control of its employees, Plaintiff also specifically alleges that Defendants owed a duty to Ms. Banuelos to provide her with a safe environment, to exercise custodial control over her, to adequately train the employees charged with ensuring Ms. Banuelos's safety, and to supervise those employees caring for her. Plaintiff also alleges Defendants breached the duty of care owed to Ms. Banuelos, a minor at the time, by failing to supervise the unknown employee or resident who sexually assaulted her on January 12, 2019, and the male employee who allegedly raped her in the laundry room between December 13, 2018, and January 30, 2019. *See* Second Amended Complaint, pp. 15-16, ¶¶ 101-102.

Plaintiff's negligence claim includes allegations of a breach of the duty of care specific to the care and safety of Ms. Banuelos and not just general allegations of a lack of care and safety to all facility residents. It also involves accusations of a breach of that duty of care and safety related to the hiring, training, and supervision of employees involved in the care and safety of Ms. Banuelos. This Court therefore finds that the personnel files from Rolling Hills for those employees who provided care and treatment to Ms. Banuelos, including the supervision of Ms. Banuelos, for the nearly four-month time period she was in residential treatment at the facility are relevant to her claims and proportional to the needs of the case. As previously agreed by Plaintiff, the production shall be limited to only those documents pertaining to the identified employees' qualifications/training, background investigations, and write-ups or disciplinary actions for the performance of job duties and training. Rolling Hills is directed to redact all personal employee information, *e.g.*, social security numbers, financial information, and health information, from such documents and to produce them subject to the Agreed Protective Order entered in the case on April 27, 2020. *See* Agreed Protective Order (Docket Entry #81).

**Reports of Sexual Activity – Request for Production No. 24**

Plaintiff also seeks information/documents of reports by Rolling Hills to any State agency regarding acts of sexual activity

between residents and staff that occurred from 2014 through the date of Rolling Hills' response to discovery, or April 27, 2020. Rolling Hills objects to the request as overly broad, irrelevant to any issue in the case, and not proportional to the needs of the case. *See generally*, Fed. R. Civ. P. 26(b)(1).

> Request for Production No. 24:  Please attach reports made by Rolling Hills to any State agency regarding sexual activity between residents and staff from 2014 through the date of your responses to this discovery, including any determination of cause of injuries to clients as a result of violence. [Please note Plaintiff does not object to Defendant redacting personal identifier information for clients from such reports].
>
> Response:  Objection. The Request is overly broad, not relevant to any party's claim or defense, and is not proportional to the needs of the case.

This Court agrees with Rolling Hills that the broad request for the production of documents for reports made by Rolling Hills to any State agency regarding sexual activities between residents and staff at Rolling Hills from 2014 through the date of the discovery responses (which is well past the date when Ms. Banuelos left the facility) is not relevant to the claims in the case and is not proportional to the needs of the case. The only reports of sexual activity between residents and staff to which Plaintiff is entitled to information/documents from Rolling Hills are those reports pertaining to incidents involving Ms. Banuelos and/or the individual employees alleged to be involved in incidents with Ms. Banuelos. Thus, Plaintiff is not entitled to the production of

information/documents pertaining to <u>any</u> sexual activities that allegedly occurred while Ms. Banuelos was a resident at the facility, *e.g.*, a report of sexual assault involving another resident and another employee. To the extent it has not done so, Rolling Hills shall produce to Plaintiff information/documents pertaining to any reports it made to any State agency regarding sexual activities involving Ms. Banuelos and/or reports of sexual activities involving any employee who allegedly sexually assaulted Ms. Banuelos.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery (Docket Entry #93) is hereby **GRANTED**, in part, and **DENIED**, in part. The Motion is **GRANTED** to the extent that Defendant Rolling Hills must supplement its response to Request for Production No. 9 by producing the personnel records for those employees who provided for the care and safety of Ms. Banuelos, including supervision, while she was a resident at the facility, limited to documentation/information of the identified employees' qualifications/training, background information, and write-ups or disciplinary actions for the performance of job duties and training. Defendant Rolling Hills shall redact all personal information and produce such documents pursuant to the Agreed Protective Order previously entered in the case. The Motion is also **GRANTED** to the extent that Plaintiff is entitled to the production of any information/documents pertaining to reports made

9

by Rolling Hills to any State agency regarding sexual activities involving Ms. Banuelos and/or the employees involved in the alleged sexual assault of Ms. Banuelos. However, the Motion is **DENIED** to the extent Plaintiff requests production of all information/documents of reports by Rolling Hills to any State agency of <u>any</u> sexual activities at Rolling Hills as far back as 2014 and through the date of discovery responses, or April 27, 2020.

Defendant Rolling Hills must produce any documents responsive to Requests for Production Nos. 9 and 24 by **SEPTEMBER 2, 2020**.

IT IS SO ORDERED this 19th day of August, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE