IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEBORAH GRAY, as Next Friend of )
REBECAH BANUELOS, )
)
       Plaintiffs, )
)
v. )  Case No. 19-CV-338-JFH
)
ACADIA HEALTHCARE COMPANY, INC., )
ROLLING HILLS HOSPITAL, LLC, )
)
       Defendants. )

**O R D E R**

This matter comes before the Court on Defendants' Motion for Order Permitting Deposition of Rebecah Banuelos, an Incarcerated Person (Docket Entry #95). This Motion was referred to the undersigned for disposition by United States District Judge John F. Heil, III, by Minute Order entered July 9, 2020.

Defendants merely seek an order from the Court pursuant to Federal Rule of Civil Procedure 30(a)(2)(B) to depose Rebecah Banuelos, who is reportedly incarcerated in Bernalillo County Jail, in Albuquerque, New Mexico. Although Plaintiff Deborah Gray commenced the action, Defendants contend that Ms. Banuelos is the real party in interest and has been designated by Plaintiff as a person having information pertinent to the issues in the case, has signed discovery responses in the case, and is likely to testify at a trial of this matter. Defendants argue Ms. Banuelos's deposition is clearly within the scope of discovery and

proportional to the needs of the case, as only Ms. Banuelos has direct information regarding the allegations raised in the lawsuit and her alleged damages.

Plaintiff has no objection to the taking of Ms. Banuelos's deposition in this matter. However, in her response to Defendants' Motion, Plaintiff raises objections to the timing and scope of the deposition. She maintains that although Ms. Banuelos is currently in custody awaiting criminal charges, she is also enrolled in a court-ordered, short-term treatment program related to the physical and emotional injuries she suffered as a result of the allegations raised in this lawsuit. Plaintiff requests that any order allowing for Ms. Banuelos's deposition direct that the deposition be scheduled on a date after the completion of her court-ordered treatment. To the extent Defendants plan to question Ms. Banuelos regarding issues impacting her pending criminal charges, Plaintiff also objects to the scope of the deposition.[1]

With regard to the taking of a deposition, Federal Rule of Civil Procedure 30(a)(2)(B) requires that to take a deposition "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . if the deponent is confined in prison." Even if the deponent confined in prison is a plaintiff, leave of court is required to depose the

---

[1] In her response, Plaintiff states she plans to file a separate motion for a protective order specific to the scope of the deposition.

2

prisoner plaintiff. *See Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003).

This Court finds Defendants are entitled to the requested leave to take the deposition of Ms. Banuelos in this action pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). Any request by Plaintiff for the Court to impose restrictions on the date and scope of the deposition is either premature and/or shall be filed as an appropriate motion under Rule 26(c). However, this Court expects the parties to cooperate in good faith when coordinating a date for the deposition, balancing Ms. Banuelos's treatment needs with the current deadlines in the case.

IT IS THEREFORE ORDERED that Defendants' Motion for Order Permitting Deposition of Rebecah Banuelos, an Incarcerated Person (Docket Entry #95) is hereby **GRANTED.**

IT IS SO ORDERED this 19th day of August, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE