**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DEBORAH GRAY, as Next Friend of REBECAH BANUELOS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ACADIA HEALTHCARE COMPANY, INC. AND ROLLING HILLS HOSPITAL, LLC,**<br><br>**Defendants.** | Case No. 19-cv-00338-JFH |

**ORDER**

Before the Court is Plaintiff's Partial Objection to the Honorable Kimberly West's Discovery Order [Dkt. No. 116]. Pursuant to Federal Rule of Civil Procedure 72, Plaintiff Deborah Gray ("Plaintiff") requests the Court to modify Magistrate Judge West's Order entered August 19, 2020 [Dkt. No. 113]. Plaintiff filed a Motion to Compel Defendant Rolling Hills Hospital, LLC ("Rolling Hills") to answer and produce documents responsive to Plaintiff's request for reports of prior instances of sexual activity between residents and staff. Dkt. No. 93. The Request for Production requested:

> Please attach reports made by Rolling Hills to any State agency regarding sexual activity between residents and staff from 2014 through the date of your response to this discovery, including any determination of cause of injuries to clients as a result of violence. [Please note Plaintiff does not object to Defendant redacting personal identifier information for clients from such reports].

Rolling Hills objected arguing the information sought was irrelevant to Plaintiff's claims and not proportional to the needs of the case. Dkt. No. 96. Plaintiff submitted a Reply. Dkt. No. 97.

Judge West entered an Order ruling on Plaintiff's Motion to Compel on August 19, 2020. Dkt. No. 113. Judge West ruled:

> This Court agrees with Rolling Hills that the broad request for the production of documents for reports made by Rolling Hills to any State agency regarding sexual activities through the date of the discovery response (which is well past the date when Ms. Banuelos left the facility) is not relevant to the claims in the case and is not proportional to the needs of the case.
>
> * * *
>
> The Motion is also **GRANTED** to the extent that Plaintiff is entitled to the production of any information/documents pertaining to reports made by Rolling Hills to any state agency regarding sexual activities involving Ms. Banuelos and/or the employees involved in the alleged sexual assault of Ms. Banuelos. However, the Motion is **DENIED** to the extent Plaintiff requests production of all information/documents by Rolling Hills to any State agency of <u>any</u> sexual activities at Rolling Hills as far back as 2014 and through the date of discovery responses, or April 27, 2020.

Dkt. No. 113 at 9-10 (emphasis in original). Now, Plaintiff asserts the same arguments and legal authorities presented to Judge West and asks the Court to modify Judge West's ruling and require Rolling Hills to produce all documents responsive to the request. Dkt. No. 116 at 4. Defendants filed a Response [Dkt. No. 117] and Plaintiff submitted a Reply [Dkt. No. 118].

## I. STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to file objections to a magistrate judge's non-dispositive order within fourteen (14) days after being served with the order. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).[1] "The district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).

---

[1] Plaintiff originally argued this Court must conduct a *de novo* review pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedures. Dkt. No. 116 at 3. The Court notes Rule 72(b)(3) governs the review of dispositive motions and prisoner petitions. The Motion to Compel [Dkt. No. 93] at issue here is a non-dispositive motion and, thus, governed by Rule 72(a).

"To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the district court must have 'a definite and firm conviction that a mistake has been committed.'" *Sartori v. Susan C Little & Assoc., P.A.*, No. CIV 12-0515, 2013 WL 4401383, at *2 (D.N.M. July 30, 2013) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)); *see also Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228,233 (7th Cir. 1988) ("to be clearly erroneous, a decision must strike us as more than just maybe or probably wrong . . . ."). Under the "contrary to law" standard, the district court conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order if it applied an incorrect legal standard. *Sartori*, 2013 WL 4401383, at *2. "The burden of proving that the magistrate's discovery ruling is clearly erroneous or contrary to law is a heavy one, and lies squarely on the party seeking reconsideration of the order." *Hildebrand v. Steck Manufacturing Company, Inc.*, No. 02-WY-1125, 2005 WL 8160065, at *3 (D.Colo. Oct. 5, 2005) (citations omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Id.* (citations omitted).

## II. ANALYSIS

"A district court has substantial discretion in handling discovery requests under Rule 26(b)." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010). "Control of discovery is entrusted to the sound discretion of the trial courts . . . ." *Punt v. Kelly Services,* 862 F.3d 1040, 1047 (10th Cir. 2017) (quoting *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)). "Broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1151, 1520 (10th Cir. 1995).

3

Here, the Court cannot conclude Judge West's ruling was clearly erroneous or contrary to law.  The Court will only set aside a magistrate judge's order if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *Yeiser v. DG Retail, LLC*, No. 18-CV-320, 2019 WL 3521903, at *3 (D. Colo. Aug. 1, 2019).  Plaintiff did not articulate how Judge West's order was clearly erroneous or contrary to law in its Limited Objection.  *See* Dkt. No. 116.[2]  Instead, Plaintiff re-urged the arguments she presented to Judge West.  *Compare* Dkt. No. 93 and Dkt. No. 97 *with* Dkt. No. 116.

> Rule 26 provides:
>
> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Judge West considered Rule 26 and concluded Plaintiff's request was not relevant or proportional.  Dkt. No. 113 at 8.  Judge West did not apply the wrong legal standard.  Further, given the trial court's substantial discretion in handling discovery matters, the Court does not find Judge West applied the appropriate legal standard incorrectly.

"The question before the Court is not whether the undersigned would have reached the same decision as Judge [West] in the first instance.  Rather, the Court will affirm 'unless … on the

---

[2] In her Reply Brief, Plaintiff attempted to address the applicable legal standard, arguing Judge West's decision was clearly erroneous and contrary to law.  *See* Dkt. No. 118.  "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768, n.7 (10th Cir. 2009); *see also Black & Veatch Corporation v. Aspen Insurance (Uk) Ltd.*, 378 F. Supp. 3d 975, 989 (D. Kan. 2019) ("The Court will not consider arguments raised for the first time in a reply brief, particularly where the arguments could have been made in the first instance." (internal quotation and citation omitted)).

entire evidence [it] is left with the definite and firm conviction that a mistake has been committed." *Pertile v. General Motors, LLC*, No. 15-CV-518, 2017 WL 3767780, at *9 (D. Colo. Apr. 31, 2017) (quoting *Ocelot Oil*, 847 F.2d at 1464); *see also McGuire v. Carrier Corp.*, No. 09-CV-315, 2010 WL 231099, at *1 (S.D. Ind. Jan. 13, 2010) ("the district court may not reverse the magistrate judge's decision simply because the district court judge would have come to a different conclusion."). The Court does not find Plaintiff carried her burden under Rule 72(a). Nor does the Court find Judge West's ruling to be clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Partial Objection to the Honorable Kimberly West's Discovery Order [Dkt. No. 116] is **OVERRULED.**

DATED this 1st day of October, 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE