**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DEBORAH GRAY, as Next Friend of )
REBECAH BANUELOS, )
　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　)
v. ) Case No. CIV-19-338-JFH
　　　　　　　　　　　　　　　　)
ACADIA HEALTHCARE COMPANY, INC., )
ROLLING HILLS HOSPITAL, LLC, )
　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**O R D E R**

This matter comes before the Court on Plaintiff's Motion for Order Permitting Depositions of DHS Employees (Docket Entry #180). Plaintiff seeks authority to conduct the depositions of certain employees of the Oklahoma Department of Human Services ("DHS") identified as Jennifer Flint, Amy Bateman, and Brian Maloy. Plaintiff contends that the depositions of these individuals is necessary because of their involvement in the DHS investigation of one of the incidents giving rise to this case. DHS has declined Plaintiff's request to accept service of subpoenas for the depositions of these individuals without an express order of this Court permitting the depositions, citing Okla. Stat. tit. 10A § 1-6-102(C) which provides:

> C. Except as authorized by Section 620.6 of Title 10 of the Oklahoma Statutes and this chapter and except as otherwise specifically provided by state and federal laws pertaining to education records, medical records, drug or alcohol treatment records, law enforcement, or social service records, the records listed in subsection

> A of this section shall be confidential and shall be inspected, released, disclosed, corrected or expunged only pursuant to an order of the court. **A subpoena or subpoena duces tecum purporting to compel testimony or disclosure of such information or record shall be invalid.**
>
> Okla. Stat. Ann. tit. 10A, § 1-6-102(C) (West)(emphasis added by this Court).

Plaintiff has demonstrated that the depositions of the referenced employees of DHS is required in order to clarify and expand upon the investigation represented in DHS records already produced to Plaintiff's counsel. Federal common law governs a claim of privilege or confidentiality in a case involving federal law. Fed. R. Evid. 501; Aramburu v. Boeing Co., 885 F.Supp. 1434, 1438 n.2 (D. Kans. 1995) citing Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991); Everitt v. Brezzel, 750 F.Supp. 1063, 1066 (D. Colo. 1990). Consequently, while this Court does not ignore the spirit behind the state protections, it is not bound by it in this action based primarily in federal law.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Order Permitting Depositions of DHS Employees (Docket Entry #180) is hereby **GRANTED**. Plaintiff is authorized to take the depositions of the DHS employees designated in the Motion. Plaintiff shall make every effort to schedule the depositions at mutually agreeable dates and times with the deponents. However, in the end, the deponents shall abide by the subpoenas served upon them by Plaintiff and appear for the depositions

IT IS SO ORDERED this 14th day of December, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE